## KERN vs. TOWSLEY.

The plaintiff, by an agreement in writing dated July 8, 1863, agreed to sell to the defendant a lot of land, with a hotel thereon, for the sum of $7000, of which $1000 was to be paid on the 1st of August then next, when a conveyance was to be made, and a mortgage given by the purchaser, for $6000. The agreement contained the following provision: "Said party of the second part [the purchaser] also agrees to pay all taxes and assessments that shall be taxed or assessed on said premises from the date hereof, until said sum shall be fully paid as aforesaid." On the 1st of August the plaintiff conveyed the premises to the defendant, according to the agreement. *Held* that by the provision in the contract respecting taxes, the parties intended the tax for the then current year; and that the plaintiff having been compelled to pay a tax assessed upon the property in November, 1863, he could recover the same in an action against the defendant.

APPEAL from a judgment of the county court of Seneca county, affirming the judgment of a justice of the peace.

*S. R. Ten Eyck*, for the appellant.

*C. H. Weed*, for the respondent.

*By the Court*, JOHNSON, J. This action was brought to recover the amount of a tax assessed upon real estate in the town of Waterloo, Seneca county, and paid by the plaintiff. The plaintiff sold the premises to the defendant, and conveyed the same by deed, August 1, 1863. The contract of sale was made July 8, 1863. This contract contained the following stipulation: "Said party of the second part also agrees to pay all taxes and assessments that shall be taxed or assessed on said premises from the date hereof, until said sum shall be fully paid as aforesaid." By the previous terms of the contract the defendant was to pay $1000 of the purchase price, on the first of August then next, at which time, upon said payment being made, the plaintiff was to convey the premises and take back the defendant's bond and a mortgage of the premises to secure the residue of the purchase money. The $1000 was paid and the conveyance made,

Previous to the date of the contract, one of the assessors had entered the property upon the assessment roll in the name of the plaintiff. After the contract was entered into, the plaintiff saw this assessor, and informed him of the contract and directed him to assess the property to the defendant. The assessor saw the defendant on the subject, who refused to have the assessment made against him, and it was continued on the roll as first entered. The assessors of the town met on the 20th of August, 1863, to complete the assessment roll, and completed it, with the property assessed to the plaintiff. It was delivered by them, completed, to the supervisor, on the 1st of September, 1863. The defendant refused to pay the tax, and the plaintiff was compelled to pay. The amount assessed and paid, including collector's fees, was about $70. The plaintiff recovered a judgment before the justice for the amount paid, which, on appeal to the county court, was affirmed.

The judgment is clearly right. Looking at all the provisions of the contract, there can be no doubt that the parties contemplated and intended the tax for that year, which was then in progress of being made and completed. Certainly they intended some tax, and there is nothing to show that it did or could refer to any other. By the terms of the contract, if the defendant performed on his part, the property was to be conveyed to him in less than one month from its date. It was so conveyed, before the assessment in the town was completed, and on the day stipulated. Clearly I think this was the assessment and tax referred to in the contract. The plain meaning and intent are, that the defendant should pay all such sums as should be assessed and taxed against that property after the defendant became purchaser. The assessment was not then completed, nor the amount of the tax fixed, and the parties knew, or are at least presumed to have known, that the tax for the then current year could not be ascertained and determined so as to amount to a claim against any one, until long after the conveyance was to be made,

according to the terms of the contract. Until the assess-ments are completed so that the amount of tax can be ascertained or determined, no tax can be said to be assessed or taxed on premises. Great stress is laid by the defendant's counsel upon the last clause of the stipulation—"all taxes and assessments that shall be taxed or assessed on said premises *from the date hereof.*" This it is insisted excludes necessarily, by its very terms, assessments previously made, in whatever stage of completeness or incompleteness such assessment may then have been. But it is most manifest that the parties intended by the stipulation the tax for the then current year. They could not have intended the year succeeding, as by the terms of the contract the defendant was to have possession, and title, within a very few days' from its date, and it is absurd to suppose that they were agreeing about taxes in future years, which must necessarily be assessed against the defendant.

Judgment must be affirmed.

[Monroe General Term, December 4, 1865. *Johnson, E. Darwin Smith* and *James C. Smith,* Justices.]